05 CV 7231

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs
Cartier, division of Richemont North America, Inc.
and Cartier International, B.V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARTIER, a division of RICHEMONT           :
NORTH AMERICA, INC.; and                   :
CARTIER INTERNATIONAL, B.V.,               :   Civil Action No.
                                           :
                    Plaintiffs,            :
                                           :   COMPLAINT
        v.                                 :
                                           :
SK TRADING COMPANY, LLC; SAFA              :
KHARSA; and JOHN DOES 1-10,                :
                                           :
                    Defendants.            :
------------------------------------------------------------x

RECEIVED AUG 1 5 2005 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, complaining of the Defendants, through their undersigned counsel, hereby allege as follows:

### THE PARTIES

1.      Plaintiff Cartier, a division of Richemont North America, Inc., is a Delaware corporation, having its executive offices and place of business at 653 Fifth Avenue, New York, New York 10022 ("Cartier NA").

2.      Plaintiff Cartier International, B.V., is a Netherlands corporation, having its principal office and place of business at Herengracht 436 B.P., 3980, Amsterdam, Netherlands ("Cartier International"). For purposes of this Complaint, except where specified, Cartier NA's

& Cartier International's interests herein are as a practical matter identical and they are referred to collectively and interchangeably as "Cartier."

3.  Defendant SK Trading Company, LLC is a limited liability company organized and existing under the laws of the State of Kentucky, having its principal office and place of business at 3070 Lakecrest Circle, Suite 400, Lexington, Kentucky 40513 ("SK Trading"). Defendant SK Trading maintains the website *www.skwatches.com*. Defendant SK Trading is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

4.  Upon information and belief, defendant Safa Kharsa is an individual who is an officer, managing member or other managing agent of SK Trading, having an office and place of business at SK Trading Company, LLC; 3070 Lakecrest Circle, Suite 400, Lexington, Kentucky 40513 and is a conscious, dominant and active force behind the wrongful acts of SK Trading and for his own individual gain and benefit. Defendant Safa Kharsa is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5.  Upon information and belief, defendants John Does 1-5 are individuals who are officers, managing members or other managing agents of SK Trading, having an office and place of business at SK Trading Company, LLC; 3070 Lakecrest Circle, Suite 400, Lexington, Kentucky 40513 and are conscious dominant and active forces behind the wrongful acts of SK Trading complained of herein, which wrongful acts they have engaged in for the benefit of SK Trading and for their own individual gain and benefit. Defendants John Does 1-5 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

diamond setting services, who supplied such goods and/or services to the other defendants herein, knowing that they would be used to create infringing products, as set forth more fully below, or who have actually supplied altered watches to the other defendants herein as set forth more fully below. Defendants John Does 6 to 10 are accordingly liable for direct and/or contributory trademark infringement. Defendants John Does 6-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

7.  Defendants SK Trading, Safa Kharsa and John Does 1-10 are collectively referenced herein as "Defendants."

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over the claims in this action arising under the Trademark Act of 1946, as amended, relating to trademark infringement, false designations of origin and dilution pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

9.  This Court has supplemental jurisdiction over the claims in this action arising under state statutory law and the common law pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. The Court also has jurisdiction over all claims herein of unfair competition pursuant to 28 U.S.C. § 1338(b).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

### The CARTIER Brand and Businesses

11. Cartier's origins date to over 150 years ago, when master jeweler Louis Francois Cartier established his jewelry concern in the heart of Paris, and established the CARTIER brand.

12. Cartier created the first women's wristwatch in 1888, and in 1904 the first wristwatch to utilize a leather strap.

13. Over the last century and a half, Cartier's leadership in the field of fine jewelry and watch design has caused the Cartier brand to be regarded as the preeminent global symbol of cosmopolitan fashion and prosperity.

14. For decades, Cartier NA has operated an internationally famous retail store at Fifth Avenue and 52nd Street in New York City. Cartier NA also operates retail shops in many of America's major cities and licenses distributors to sell world-acclaimed Cartier watches and jewelry throughout the United States in fine stores.

15. Cartier International is the owner of trademarks, copyrights and patents for watches and jewelry sold by Cartier NA or under its auspices, pursuant to licenses from Cartier International to Cartier NA.

16. Cartier NA is the exclusive United States licensee of Cartier International for all intellectual property pertaining to Cartier watches and jewelry.

17. The watches and jewelry produced pursuant to the foregoing arrangements are variously referred to herein as "Cartier" watches.

**The CARTIER Word Trademark**

18.     Among the trademarks and trade dress used by Cartier to identify its products is the word mark CARTIER (the "CARTIER Trademark"). Cartier is the owner of U.S. Trademark Registration No. 759,201 of October 29, 1963, for the word mark CARTIER for watches and clocks and U.S. Trademark Registration No. 759,202 of October 29, 1963 for Articles of Jewelry for Personal Wear, Not Including Watches. These registrations and the trademark contained therein are valid and subsisting and have become incontestable.

**The Goodwill and Fame of the Cartier Products, Marks and Designs**

19.     Cartier has extensively advertised and promoted watches under the CARTIER Trademark.

20.     As set forth above, Cartier has also been an important innovator in watch and jewelry fashion and design.

21.     Cartier takes particularly great care and applies the highest level of professional skill in the design and manufacture of its watches and jewelry.

22.     Cartier has invested millions of dollars over the years in marketing, promoting and advertising the fine quality of its jewelry and watches, including the CARTIER Trademark.

23.     As a result of all the foregoing, Cartier has established a worldwide reputation for the uniform high quality of Cartier watches and jewelry sold under or in connection with the CARTIER Trademark as set forth above. These watches have accordingly acquired outstanding renown and invaluable goodwill in the United States and around the world.

24.     Many Cartier model watches are manufactured in both stainless steel and gold versions, including white and yellow gold. Cartier also manufactures watches with diamonds set at various aesthetically pleasing points around the watch and/or watchband. However, such

5

diamond settings are always reserved for the gold (white and yellow) versions of such models, never the stainless steel versions.

**Defendants' Infringing and Unfair Competitive Activities**

25.     On information and belief, Defendants have acquired genuine CARTIER watches of various popular models made of stainless steel or other metals. Then, without authorization of Cartier, Defendants have added diamonds to such watches at various locations, including in direct imitation of the placement of diamonds by Cartier on the equivalent genuine versions of such models. These altered watches are then offered for sale to the general public with the original CARTIER Trademark thereon remaining intact. Nowhere on these watches is there any indication that the diamonds have been set by anyone other than Cartier or their authorized manufacturers.

26.     The failure to truthfully mark these watches creates a likelihood of confusion among Defendants' customers, any recipients of such watches as gifts and among any persons reviewing such watches that the diamonds have been set by Cartier when that is not the case.

27.     Furthermore, the drilling of diamond settings on the watch case may affect and has affected the core functions of the watch movement, water-resistance of the case and/or comfort and wear of the bracelet. Defendants' actions have the potential for affecting the integrity of the core functions of these altered watches; these altered watches cannot properly be called "Cartier" watches.

28.     Furthermore, Cartier carefully designs its watches, both in terms of placements of diamonds or other precious stones and combination with various precious metals to achieve a unique and distinctive look not only as timepieces but also as distinctive items of jewelry. The combination of precious stones with cheaper metals such as stainless steel is a design different

6

than that sold by Cartier. The sale by Defendants of what purport to be "CARTIER" watches with such a non-original combination creates a likelihood of confusion by both the consuming public and observers of such watches that such design originates with Cartier, when that is not the case.

29. No Defendant in this action has sought or received a license or authorization from any of the Plaintiffs for any purpose whatsoever, including for the acts described herein.

## COUNT I
## REGISTERED TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

30. Plaintiffs repeat and reincorporate herein by reference each of the foregoing allegations.

31. Long after Plaintiffs' adoption of the CARTIER Trademark, and long after their federal registrations for same, Defendants have commenced the sale, offer sale and distribution of altered and infringing watches as set forth above, all in violation of 15 U.S.C. § 1114(1).

32. On information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the above-identified registered trademarks, are in total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of such trademarks or a copy or a colorable imitation thereof in the manner described here was and is in direct contravention of Plaintiffs' rights.

33. The use by Defendants of copies of such trademarks in the manner described herein has been without the consent of Plaintiffs, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that Defendants' watches, the design thereof, and the placement of diamonds thereon has been done with the authorization, approval or sponsorship of Plaintiffs.

34. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Fifty Thousand Dollars ($50,000).

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

35. Plaintiffs repeat and reincorporate herein by reference each of the foregoing allegations.

36. Defendants have affixed, applied, or used in connection with the sale of their goods, false descriptions and representations, which tend falsely to describe or represent that the goods and services offered by Defendants are sponsored by, authorized by or connected with Plaintiffs.

37. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional uses, appropriations and infringements of the CARTIER Trademark; completely and deliberately disregard Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of a simulation or colorable imitation of these trademarks in the manner described herein was and is in direct contravention of Cartier's rights, all in violation of 15 U.S.C. § 1125(a).

38. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Fifty Thousand Dollars ($50,000).

## COUNT III
## FEDERAL DILUTION
## 15 U.S.C. § 1125(c)

39.     Plaintiffs repeat and reincorporate herein by reference each of the foregoing allegations.

40.     The CARTIER Trademark is distinctive and famous within the meaning of such terms in 15 U.S.C. § 1125(c), and Defendants' use of this trademark commenced long after this trademark became distinctive and famous.

41.     The actions of Defendants described herein are likely to and have caused dilution of the famous and distinctive qualities of the CARTIER Trademark. Specifically, Defendants' actions described herein are likely to and have tarnished Plaintiffs' reputation by association with designs incorporating cheaper materials and inferior workmanship than those used by Plaintiffs on comparable genuine items.

42.     Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Fifty Thousand Dollars ($50,000).

## COUNT IV
## COMMON LAW TRADMARK INFRINGEMENT
## AND UNFAIR COMPETITION

43.     Plaintiffs repeat and reincorporate herein by reference each of the foregoing allegations.

44.     The actions of Defendants described herein constitute common law trademark infringement and unfair competition.

45. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Fifty Thousand Dollars ($50,000).

## COUNT V
## NEW YORK DILUTION STATUTE
### N.Y. Gen. Bus L. § 360-l

46. Plaintiffs repeat and reincorporate herein by reference each of the foregoing allegations.

47. The actions of Defendants described herein constitute dilution of the CARTIER Trademark in violation of New York law, N.Y. General Business Law § 360-l.

48. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Fifty Thousand Dollars ($50,000).

**WHEREFORE**, Plaintiffs pray:

1. That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

    (a) From using in any manner the CARTIER Trademark on watches that have in any way been altered by any person not authorized by Cartier, including, without limitation, by addition of diamonds thereon;

    (b) From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by Cartier;

  (c) From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs which are not in fact genuine Cartier goods, or not produced under the control and supervision of Cartier and approved by Cartier; and

  (d) From otherwise competing unfairly with Plaintiffs in any manner.

2. That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that have been altered in a manner rendering them infringing of the CARTIER Trademark.

3. That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting watches which infringe the CARTIER Trademark.

4. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of the injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. That Defendants be required, pursuant to 15 U.S.C. § 1117 to account to Plaintiffs for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

6. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

7. That pursuant to 15 U.S.C. § 1117 Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

8. That Plaintiffs have such other and further relief as the Court may deem just and proper.

KALOW & SPRINGUT LLP

Dated: August 15, 2005

By: _____
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs Cartier, a division of Richemont North America, Inc.; and Cartier International, B.V.